## Heffner Estate

*J. Brooke Aker*, for contestant.

*Roland Fleer*, for proponents.

TAXIS, P. J., February 27, 1968.—This petition requests an order directing the estate to advance $800 to defray the expense of producing one Mrs. Hanna F. Sulner, handwriting analyst, as a witness on behalf

of contestant. The petition also prays, in the alternative, that the court select an analyst of its own choosing, who would become the court's witness, with the cost of such proceeding to be paid by the county or the estate. It is alleged that contestant cannot afford Mrs. Sulner's charges. Attached to the petition is a letter from Mrs. Sulner to counsel for contestant which states, inter alia, ". . . the signature on the will in question was not written by Sarah S. Heffner".

This will contest is based on undue influence; the appeal from probate does not allege forgery. A substantial amount of testimony has been taken, and contestant's case is complete, except for Mrs. Sulner if she appears. Both subscribing witnesses to the will have testified that decedent signed her name unassisted. In addition, a third witness, who had witnessed a prior will of decedent, authenticated the signature in question.

From additional information furnished the court, it appears that Mrs. Sulner's testimony would be offered not only with reference to the actual validity of the signature, but also, assuming its validity were established, to the effect that irrationality, mental stress, delusion or other aspects of undue influence or lack of testamentary capacity may often be determined from signatures.

Section 761 of the Orphans' Court Act of August 10, 1951, P. L. 1163, sec. 761, 20 PS §2080.761, deals with costs in this court, and provides as follows:

"The allowance and allocation of costs incident to proceedings before the court . . . shall be as now or hereafter provided by law, and in the absence thereof, as fixed by the court by general rule or special order".

Since we now have general power not only to allocate but also to allow costs, it is a fair inference that the many rulings prior to 1951, restricting the court's

powers in the area of costs to those expressly provided by statute, no longer strictly apply. If there were no statutory or case law relating to the allowance of handwriting analysts' fees, therefore, we would regard them as costs, especially in a will contest which is a matter in rem and not in personam. However, in the Act of July 21, 1941, P. L. 425, sec. 9, 28 PS §416.9, we find this:

"Nothing herein contained shall affect the right of a witness who gives expert testimony to receive additional per diem compensation therefor not taxable as costs, . . ."

It follows that our powers are "provided by law" within the meaning of the Orphans' Court Act, and that we may not tax the fees of an expert witness as costs. See also Coffin Estate, 16 Fiduc. Rep. 627, 632 (O. C. Bucks Co., 1965).

We note also that the present application appears premature. Assuming that, in a reasonable exercise of discretion, this court, especially if contestant is successful, might charge the expenses of this proceeding to the estate and that such expenses would include the present fee in question even though it could not be regarded as a legal "cost", such issues are properly presented at the end of a proceeding. At that point, all of the equities surrounding the application can be known to the court. In the present posture of the matter, it would be a highly questionable exercise of discretion to require the estate to pay any expenses of a will contest.

In other jurisdictions, as outlined in contestant's memorandum of law, unsuccessful contestants have on occasion been awarded their costs from the estate. Our attention has been especially directed to In re Caruso, 18 N. J. 26, 112 A. 2d 532 (1955), where, at the end of a will contest in which contestant was un-

successful, the court nevertheless ordered the costs, including the fee of a handwriting expert, to be paid by the estate. This determination, however, was made at the end of the case and not in the middle of it and, in addition, was based upon a New Jersey statute specifically allowing payment of a caveator's costs and expenses from the estate if there was a showing of reasonable cause for the contest in the first place. Since Pennsylvania lacks such a specific statute, as well as controlling judicial decisions to the same effect, the decision does not govern the circumstances of the present case.

Finally, the petition must fall on its merits. The appeal from probate alleges undue influence, not forgery. To the extent that the expert witness would, or could, testify as to impairment of decedent's mental faculties as revealed by her signature, such testimony might be germane. However, Mrs. Sulner has already stated that in her opinion the signature on the will is not that of Sarah S. Heffner, and obviously she could draw no conclusions whatever concerning the mental condition of decedent if this is so.

And now, February 27, 1968, the petition is dismissed.